# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD HENDERSON, | CASE NO. 1:07-cv-01239-LJO-GSA  PC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |
| JAMES YATES, | |
| Defendant. | (Doc. 20) |

Plaintiff Bernard Henderson is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983 and state law. Following this court's May 7, 2009, screening order (doc. 17), plaintiff filed a second amended complaint on June 8, 2009.

**I.    Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 915(e)(2)(B)(ii).

///

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*).

## II.     Plaintiff's Claim

### A.     Summary of Complaint

Plaintiff, who resides at Pleasant Valley State Prison ("PVSP"), Coalinga, California, was diagnosed with Valley Fever in or about October 2005. Contending that PVSP and California Department of Corrections and Rehabilitation ("CDCR") personnel had a duty to warn him of the presence at PVSP of *Coccidioides immitis*, the fungus responsible for Valley Fever, plaintiff claims violations of his Eighth Amendment right to be free of cruel and unusual punishment and asserts tort and other claims under California state law.

Plaintiff sues James A. Yates, the PVSP warden; Felix Igbinosa, Chief Medical Officer/Medical Director of PVSP; Jeanne Woodford, Director of the California Department of Corrections and Rehabilitation ("CDCR"); and CDCR. Plaintiff alleges that defendants were

aware of the existence of *Coccidioides immitis,* which causes Valley Fever, at PVSP but failed to warn inmates, personnel, and visitors in violation of California law.

### B.     Eleventh Amendment Immunity

The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir.), *cert. denied*, 128 S.Ct. 441 (2007)(*citations omitted*). Because CDCR is a state agency entitled to Eleventh Amendment immunity, plaintiff may not sue it in federal court. *Ibid. See also Natural Resources Defense Council v. California Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks v. Sulphur Spring Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991), *cert. denied*, 503 U.S. 938 (1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

### C.     Supervisory Personnel

Plaintiff names as defendants individuals in supervisory or managerial positions, including Warden Yates, Chief Medical Director Igbinosa, and former CDCR Director Jeanne Woodford. In a § 1983 claim, a plaintiff must demonstrate that each defendant personally participated in the alleged deprivation of plaintiff's rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*. *Iqbal*, 129 S.Ct. at 1948; *Taylor*, 880 F.2d at 1045. Because each government official, regardless of title, is liable only for his or her own misconduct, a plaintiff must demonstrate that each defendant, through his or her individual actions, violated the plaintiff's constitutional rights.

For defendants in supervisory positions, a plaintiff must specifically allege a causal link between each defendant and his claimed constitutional violation. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege facts indicating that each supervisory defendant either personally participated in the alleged deprivation of the plaintiff's constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or "implemented a policy so deficient that the policy 'itself is a

1  deprivation of constitutional rights' and is 'the moving force of the constitutional violation.'"
2  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); *Taylor*, 880 F.2d
3  at 1045.

####    C.    Eighth Amendment Claim – Cruel and Unusual Punishment.

The Eighth Amendment protects prisoners from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Plaintiff contends that the defendants' failure to warn him of the presence of Valley Fever at PVSP violated the Eighth Amendment to the U.S. Constitution.

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dept. of Corrections*, 220 F.Supp.2d 1098, 1105 (N.D. Cal. 2002), *aff'd*, 364 F.3d 1148 (9th Cir. 2004).

Allegations about dangerous conditions at PVSP and the defendants' failure to warn plaintiff of those conditions or risks are not sufficient to support an Eighth Amendment claim. A prison official's negligence is not sufficient to establish liability; the official's conduct must have been wanton. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Frost*, 152 F.3d 1124, 1128 (9th Cir. 1998). Further, to the extent that plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was incarcerated in a location in which Valley Fever spores exist, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health. Plaintiff's Eighth Amendment claim is not cognizable.

####    D.    State Claims

Plaintiff alleges violations of state tort law and statutes. Section 1983 does not provide a cause of action for violations of state law. *See Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007); *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997); *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir.), *cert. denied*, 454 U.S. 857 (1981).

*See also Draper v. Coombs*, 792 F.2d 915, 921 (9th Cir. 1986); *Weilburg v. Shapiro*, 488 F.3d 1202, 1207 (9th Cir. 2007).  Pursuant to 28 U.S.C. § 1367(a), however, in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).

"The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367 (c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966).  Accordingly, in the absence of a cognizable federal claim, the court should decline to accept jurisdiction over plaintiff's pendant state claims and remand plaintiff's state claims to the California state courts.

### III. Findings and Recommendation

Plaintiff's second amended complaint fails to state a claim upon which relief may be granted.  Because amending this § 1983 complaint will not cure the deficiency, the court hereby RECOMMENDS that plaintiff's claims be dismissed, with prejudice, for failure to state a claim.  The court further RECOMMENDS that the remaining state claims set forth in plaintiff's complaint should be remanded to the state court.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that, by failing to file objections within the

///

///

1 specified time, he may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951
2 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    Dated: **October 29, 2009**　　　　　　　　　　　／s/ **Gary S. Austin**
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE